the car started to back up. Claimant pulled the steering wheel to the right and after backing down a distance of about twenty feet backed the hearse into a bank on the left side of the road. There is evidence that while in bed early the following morning he suffered a partial stroke followed by another eight days thereafter.

Lewis C. Ryan for appellants.

Albert Ottinger, Attorney-General (E. C. Aiken of counsel), for respondents.

Order affirmed, with costs; no opinion.

Concur: CARDOZO, POUND, MCLAUGHLIN, CRANE and LEHMAN, JJ. Dissenting: HISCOCK, Ch. J., and ANDREWS, J.

---

In the Matter of the Claim of JESSE BRANDOW, Respondent, against TOWN OF COXSACKIE et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — master and servant — owner of wagon and team employed to work with them on roads injured while attempting to stop horses from running away.*

Brandow v. Town of Coxsackie, 215 App. Div. 732, affirmed.

(Argued March 29, 1926; decided April 7, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 11, 1925, affirming an award of the State Industrial Board made under the Workmen's Compensation Law. The claimant was employed by the town of Coxsackie to work with a wagon and team of horses belonging to him in connection with the construction of roads and bridges. Previous to the day of the accident the claimant had been instructed by his foreman to go up the road to take some posts back to where the gang was working. On that day he got up early and started hitching up his horses. This was done in the road, in front of his barn. Just as he was hitching the horses to the wagon a dog, chasing a rabbit, ran under the horses, frightening them, so that they jumped, and started to run. Claimant jumped on the

wagon and tried to stop his horses, but they continued running for a considerable distance and ultimately he was thrown out of the wagon and received the injuries for which an award of compensation has been made.

*Walter L. Glenney* for appellants.

*Albert Ottinger, Attorney-General (E. C. Aiken* of counsel), for respondents.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Dissenting: CARDOZO and POUND, JJ.

---

In the Matter of the Claim of ROSE NEWMAN, Respondent, against AMERICAN FRUIT GROWERS, INC., et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — master and servant — salesman injured through crate falling on foot crushing a toe — death from gangrene.*

*Newman* v. *American Fruit Growers, Inc.*, 215 App. Div. 738, affirmed.

(Argued March 29, 1926; decided April 7, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 18, 1925, modifying and affirming as modified an award of the State Industrial Board made under the Workmen's Compensation Law. The business of the employer was that of produce commission. The occupation of the employee that of salesman. While in the course of his employment the latter was injured by the falling of a crate of celery on his foot crushing one of his toes. Gangrene subsequently set in causing death.

*Edward P. Lyon* and *Alfred W. Andrews* for appellants.

*Albert Ottinger, Attorney-General (E. C. Aiken* of counsel), for respondents.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.